# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Shayla Prillerman**<br>**c/o Walton + Brown, LLP.**<br>**395 E. Broad St. Suite 200**<br>**Columbus, OH 43215**<br><br>          **Plaintiff,**<br>**vs.**<br><br>**David Gambill, Officer**<br>**Columbus Division of Police**<br>**c/o Columbus Division of Police**<br>**120 Marconi Blvd.**<br>**Columbus, Ohio 43215**<br><br>**Individually and in His Official Capacity as Employee of the City of Columbus, Ohio**<br><br>**And**<br><br>**Shawn Davis, Officer**<br>**Columbus Division of Police**<br>**c/o Columbus Division of Police**<br>**120 Marconi Blvd.**<br>**Columbus, Ohio 43215**<br><br>**Individually and in His Official Capacity as Employee of the City of Columbus, Ohio**<br><br>          **Defendants.** | **Case No.:**<br><br><br>**Judge:**<br><br><br>**Complaint**<br><br>**JURY DEMAND ENDORSED** |

NOW COMES Plaintiff, Shayla Prillerman, by and through her attorney, and for her Complaint states as follows:

## JURISDICTION AND PARTIES

1.This action is brought pursuant to Ohio statutes, and United States Constitution Amendments IV and XIV, 42 U.S.C. § 1983 and § 1988, respectively.

2.Defendant City of Columbus, Ohio, is a political subdivision of the state of Ohio, organized and existing under the laws of the state of Ohio, and operating and conducting business in Franklin County, Ohio. Columbus Division of Police is a subdivision of Defendant City of Columbus, Ohio. Upon information and belief, Defendant City of Columbus, Ohio Division of Police Officer David Gambill is being sued in his individual capacity; to wit, Officer Gambill was a resident of Franklin County at the time of the incident. Upon information and belief, Defendant City of Columbus, Ohio Division of Police Officer Shawn Davis is being sued in his individual capacity; to wit, Officer Davis was a resident of Franklin County at the time of the incident.

3.Defendant David Gambill was at all times relevant to this action a law enforcement officer employed by the Columbus Police Department. Officer Gambill is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the City of Columbus.

4.Defendant Shawn Davis was at all times relevant to this action a law enforcement officer employed by the Columbus Police Department. Officer Davis is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the City of Columbus.

5. Plaintiff Shayla Prillerman was a resident of Franklin County, Ohio, at all times material to the subject incident.

6. All of the events or omissions giving rise to this action occurred in Franklin County, Ohio.

7. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

## FACTUAL ALLEGATIONS

8. On or about July 7, 2020, Plaintiff Shayla Prillerman was at her home when a neighbor began to enter her apartment building.

9. The neighbor required medical attention and Shayla's sister exited the building in an attempt to seek help. Upon exiting the building, Shayla's sister was detained by police officers who told her she matched the description of a suspect.

10. After a delay, Shayla wondered where her sister had gone, Shayla exited the building in an attempt to find her.

11. Upon exiting the building, officers immediately drew their guns on Shayla.

12. After Shayla explained that there was a woman in need of medical attention, Shayla was allowed back into the building.

13. As officers engaged with others in the building, Shayla began recording the interaction between the officers and the other individuals.

14. After she began recording, an officer, believed to be Defendant Officer David Gambill, handcuffed Shayla and in doing so twisted her wrist and fractured it. Shayla could feel her wrist break in that moment and told the officer so. Officers then took Shayla to the hospital.

15. Defendant Officer Gambill was instructed to arrest Shayla by Defendant Officer Shawn Davis.

16. Shayla was falsely arrested and charged with obstruction of official business. She was found not guilty of those charges.

17. As a result of Defendants actions, Shayla suffered significant injury to her wrist and is still undergoing treatment for her injuries. Shayla also was forced to defend false charges against her, bringing additional emotional trauma as a result.

## COUNT I

### EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AMENDMENTS IV

18. Plaintiffs hereby incorporate paragraphs 1-17 as though fully set forth herein.

19. This is an action brought against Defendant Officer David Gambill and Defendant Officer Shawn Davis in their individual and official capacity, pursuant to the United States Constitution Amendments IV, in violation of 42 U.S.C. § 1983 and § 1988.

20. At all times material hereto, Defendant Officer David Gambill and Defendant Officer Shawn Davis were employees and/or agent of Defendant City of Columbus, and acting within the course and scope of their employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Columbus.

21. Defendant Officer David Gambill and Defendant Officer Shawn Davis used and authoried unnecessary and excessive force, on the person of Plaintiff Shayla Prillerman, depriving her of bodily integrity, liberty, and due process of law.

22. To wit, Defendant Officer David Gambill used excessive force in handcuffing Shayla. The use of force exhibited by Defendant Officer Gambill against Plaintiff Shayla Prillerman was unreasonable and clearly excessive.

23. The conduct of Defendant Shawn Davis, acting in concert and under color of law, directing force toward Shayla was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

24. As a direct and proximate result of said Defendant Officer David Gambill and Defendant Officer Shawn Davis' acts, omissions, and clear use of excessive force, Defendants deprived Plaintiff Shayla Prillerman of the right to unreasonable seizure and due process of law guaranteed to her by the Fourth Amendment of the United States Constitution.

25. Plaintiff Shayla Prillerman has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

(a) Compensation for physical and emotional harm;

(b) Loss of earnings and net accumulations;

(c) Past medical bills and expenses;

(d) Conscious pain and suffering;

(e) Punitive damages;

(f) Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g) Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Shayla Prillerman demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF PLAINTIFF SHAYLA PRILLERMAN

26. Plaintiff hereby incorporate paragraphs 1-25 as though fully set forth herein.

27. This is an action brought against Defendant Officer David Gambill and Defendant Officer Shawn Davis individually and in their official capacities based upon the intentional infliction of emotional distress.

28. At all times material hereto, Defendant Officer David Gambill and Defendant Officer Shawn Davis were employees and/or agents of City of Columbus, acting within the course and scope of his employment with same, and in furtherance of the interest of Defendant City of Columbus, and with City of Columbus's consent.

29. Defendant Officer David Gambill and Defendant Officer Shawn Davis owed a duty to Plaintiff Shayla Prillerman to act in a reasonable and prudent manner. Defendants breached said duty by engaging in extreme, outrageous, and/or, reckless conduct when they falsely arrested Shayla. Defendants knew or should have known that their actions would cause severe physical and psychological damages.

30. Defendants outrageous, extreme, and reckless actions and inactions, actually and proximately exposed Plaintiff Shayla Prillerman to real physical peril and psychological trauma, resulting in physical damages and permanent and ongoing psychological damages.

31. Plaintiff Shayla Prillerman has permanent and ongoing damages as a result of said incident and as such is entitled to recovery, including but not limited to the following:

(a) Compensatory damages for psychological harm;

(b) Mental pain and suffering;

(c) Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Shayla Prillerman demands damages in an amount in excess of SEVENTY- FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

Respectfully submitted,

*/s/ Sean L. Walton*
Sean L. Walton (0088401)
Chanda L. Brown (0081076)
WALTON + BROWN, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 636-3476
Facsimile: (614) 636-3453
Email: swalton@waltonbrownlaw.com
cbrown@waltonbrownlaw.com
*Attorneys for Plaintiff Shayla Prillerman*

### JURY DEMAND

Plaintiff hereby requests a jury to hear all issues so triable.

*/s/ Sean L. Walton*
Sean L. Walton (0088401)